IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

GREGORY LINSTON GILLILAN, :
:
    Plaintiff, :
:
  VS. : Civil Action File No.
: **1:07-CV-05 (WLS)**
MICHAEL THORNTON, :
:
    Defendant. :

## **RECOMMENDATION**

Currently pending in this *pro se* prisoner § 1983 action is defendant's pre-answer motion to dismiss (doc. 5).

*a. "three strikes"*

Defendant asserts that plaintiff had "three strikes" within the meaning of the Prison Litigation Reform Act (PLRA) at the time he filed this action on January 3, 2007, and that he should therefore be denied *in forma pauperis* status.

The PLRA prohibits inmates from IFP filings if they have had three or more prior IFP claims dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief could be granted. 28 U.S.C.A. §1915(g). The PLRA does not deny an inmate access to the courts; it simply requires inmates who have historically abused the system to pay the filing fee up front.

This lawsuit was filed on January 3, 2007. Out of an abundance of caution, this court counts strikes at the end of an appeal or at the end of the time period in which to file an appeal of a dismissal. According to the research by the undersigned, it does not appear that plaintiff had three strikes at the date in which this lawsuit was filed. The undersigned is counting as the first strike,

1:06-cv-114, Gillilan v. Cannon, effective August of 2006; second strike, 1:06-cv-122, Gillilan v. Thomas, effective January 10, 2007; and 1:06-cv-176, Gillilan v. Harrison, effective January 21, 2007.

Thus it appears that plaintiff did not have three strikes until after the instant action was filed.

### b. *Failure to exhaust administrative remedies*

Defendants also assert that plaintiff failed to exhaust administrative remedies, as he admitted in his complaint that while, he is aware of the prison's administrative grievance procedure, he has not exhausted the remedies available. (Doc. 1).

The Eleventh Circuit Court of Appeals upheld the exhaustion requirement of the Prison Litigation Reform Act (PLRA) in Alexander v. Hawk, 159 F.3d 1321 (11th Cir. 1998). In Alexander, the court held that the PLRA exhaustion requirement is mandatory.

> The Supreme Court has made clear that 'where Congress specifically mandates, exhaustion is required. [Cit.]… Since exhaustion is now a pre-condition to suit, the courts cannot simply waive those requirements where they determine they are futile or inadequate. Such an interpretation would impose an enormous loophole in the PLRA, which Congress clearly did not intend. Mandatory exhaustion is not satisfied by a judicial conclusion that the requirement need not apply.

Plaintiff admits in his Complaint that Autry State Prison has a grievance procedure (Complaint, Section III, Paragraph 6(b)), and states he has availed himself of that procedure (Complaint, Section III, Paragraph 6(c)(1)). From the face of Plaintiff's Complaint, however, it does not appear that Plaintiff has properly exhausted his available administrative remedies. When asked what he did to "bring his complaint(s) to the attention of the prison officials," Plaintiff states he "spoke with the Defendants on the issue, they always tell me to write; so I write which has also done no good."

2

(Complaint, Section III, Paragraph 6(d)). The results of the grievance procedure, Plaintiff reports, have been "nothen [sic] but B.S." (Complaint, Section III, Paragraph 6(c)(2)).

In opposition to defendant's motion, plaintiff has filed a brief and 24 page exhibit, in which he appears to list every grievance he ever filed in the Georgia Department of Corrections. Specifically, plaintiff points to Exhibit 1, which is a reply dated January 19, 2007 rejecting plaintiff's informal grievance, also showing a received date of December 15, 2006. According to the grievance plaintiff filed, he arrived at Autry State Prison on December 12, 2006. The other documents that plaintiff filed appear to have no bearing on the issue at bar, as they concerned events at other institutions or other issues, such as being placed in involuntary segregation.

Defendant has filed a motion for summary judgment (doc. 14) on July 6, 2007, of which the undersigned gave plaintiff notice on July 10, 2007 (doc. 15). Plaintiff has not yet responded. In this motion, defendant goes into more detail regarding plaintiff's failure to exhaust administrative remedies.

It appears that this issue would more properly be decided in the motion for summary judgment as opposed to this pre-answer motion to dismiss, as both parties have filed numerous documents that are outside the pleadings. Accordingly, it is the **RECOMMENDATION** of the undersigned that defendant's motion to dismiss be **DENIED** without prejudice, and that this issue be addressed with defendant's motion for summary judgment.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 19th day of July, 2007.

                                                        //S Richard L. Hodge
                                                        RICHARD L. HODGE
                                                        UNITED STATES MAGISTRATE JUDGE

msd