IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

GREGORY GILLILAN,

    Plaintiff,

VS.

MR. THORNTON,

    Defendants.

CIVIL ACTION FILE
NO. 1:07-CV-05 (WLS)

## RECOMMENDATION

This is a § 1983 action brought by a Georgia State Prisoner who must be considered by the court to fall into that category of prisoners sometimes classified as recreational filers.[1] The defendant herein, a Mental Health Counselor at Autry State Prison, filed a motion for summary judgment on July 6, 2007 (R. at 13). On July 10, 2007, the undersigned gave plaintiff the required notice of the filing of the defendant's motion, including his right to oppose the motion and also advising him of the possible outcome in the event of a failure to respond (R. at 14). For whatever reason plaintiff has filed nothing in opposition to the defendant's motion.

A word about the plaintiff's whereabouts. When plaintiff filed his complaint on or about December 25, 2006, he was detained at Autry State Prison (R. at 1, p. 1). In his brief in support of his motion defendant states that plaintiff was transferred from Autry during May 2007, and at the time of the filing of his motion he was detained at Johnson State Prison. At the time of this

---

[1] According to PACER this plaintiff has filed seventy-eight (78) civil rights actions against individuals employed by the Georgia Department of Corrections since June of 2005. Sixty-one (61) of those cases have been brought in this court and the remainder in the United States District Court for the Southern District of Georgia. Most have been dismissed as frivolous.

writing, according to the Georgia Department of Corrections Prisoner Locator Website he is presently detained at Coastal State Prison. It is here noted that the plaintiff has never advised the court of any of his address changes in this case as required and he was mailed the notice of the filing of the motion at the last known address he provided. It is further noted that no mail sent to the plaintiff has ever been returned as undeliverable as addressed, thereby giving rise to the presumption of receipt. Given his voracious appetite for filing lawsuits, plaintiff has to know of his responsibility to keep the court and adverse parties advised of his address at all times. It would thus appear that if the plaintiff did not receive a copy of the defendant's motion or the court's notice of the filing of same he has only himself to blame.

Although defendant has filed a motion for summary judgment, in his brief in support of his motion he also urges two different reasons that dismissal is appropriate. First, it is clear that all of the complained of conduct occurred while plaintiff was housed at Autry State Prison from which he was transferred in May 2007. In his complaint plaintiff seeks on ly injunctive relief, "a injunction court ordered to defendants to 'provide service by law.'" (R. at 1, p.6, ¶ 12). A prisoner's claim for declaratory and injunctive releief is mooted by his transfer or release from the facility about which he complains. Boxer X v. Donald, 169 Fed.Appx. 555, 559 (11th Cir. 2006); Zatler v. Wainwright, 802 F.2d 397, 399 (11th Cir. 1986); McKinnon v. Talladega County, Alabama, 745 F.2d 1360 (11th Cir. 1984). See also Wahl v. McIver, 773 F.2d 1169 (11th Cir. 1985). Whether or not transfer from the complained of institution will warrant the entry of summary judgment when only injunctive relief is sought, it is clear that at the very least these circumstances mandate dismissal of the complaint.

The second ground urged for dismissal or summary judgment is plaintiff's failure to

exhaust all available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") prior to seeking relief in Federal Court. Section 1997e(a) of the PLRA provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Attached to defendants motion is the sworn affidavit of Benjie Nobles, Custodian of Records at Autry State Prison which also includes the grievances filed by plaintiff while detained at that institution (R. at 13-3 & 4). A review of the grievances filed reveals that plaintiff filed only one grievance at Autry State Prison prior to the filing of his lawsuit. That grievance pertained to someone other than the defendant and concerned the alleged withholding of or changing of plaintiff's medication. It is thus clear that the plaintiff failed to exhaust his administrative remedies.

The entry of summary judgment should ideally be a merit based determination. The appellate courts have regularly found that a failure to exhaust all available administrative remedies as required by the PLRA prior to filing suit mandates dismissal of the complaint. Inasmuch as the court has relied upon matters outside the pleadings which are not matters of public record or something of which the court may take judicial notice, i.e., the affidavit of Benjie Nobles, this matter is in the nature of a summary judgment although not a merit based decision. It is clear however that plaintiff's failure to exhaust his available administrative remedies before filing this lawsuit mandate the entry of judgment for defendant, whether in the form of a dismissal or the entry of summary judgment.

It is somewhat difficult to determine the exact nature of plaintiff's complaint against

defendant, Mr. Thornton, who is or was a Mental Health Counselor at Autry State Prison during plaintiff's incarceration at that facility. It is believed that plaintiff is alleging that the defendant was deliberately indifferent to plaintiff's mental health needs.

In determining a summary judgment motion, the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. <u>Welch v. Celotex Corp.</u>, 951 F.2d 1235 (11th Cir. 1992)(citing <u>Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574 (1986). However, once the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). When the nonmoving party has the burden of proof at trial, the moving party may carry its burden at summary judgment either by presenting evidence negating an essential element of the nonmoving party's claim, or by pointing to specific portions of the record which demonstrate that the nonmoving party cannot meet its burden of proof at trial. <u>Clark v. Coats & Clark, Inc.</u>, 929 F.2d 604, 606-608 (11th Cir. 1991).

It is noted that plaintiff's complaint is not sworn to by him and that he has not responded in any manner to the defendant's motion for summary judgment and supporting documents. Therefore, there is actually no evidence before the court showing that the defendant was deliberately indifferent to plaintiff's perceived need for some type of mental health treatment he allegedly needed. In contrast to the total lack of evidence submitted by the plaintiff is the eleven page, twenty-two paragraph sworn affidavit of the defendant to which copies of the plaintiff's medical records generated by his meetings with the defendant are attached (R. at 20). The uncontroverted evidence clearly shows that between the dates of December 16, 2006, and April 2,

4

2007, plaintiff was seen by the defendant at least eleven times. Additionally he was also seen by other mental health professionals during that time. The affidavit of the defendant also reveals that on many occasions the plaintiff was more concerned with legal issues and getting prescribed certain medicines he wanted rather than trying to benefit from mental health counseling that was being offered.

Most of the evidence provided by the defendant in his affidavit has been included in and made a part of the defendant's Statement of Material Facts as to which there is no Genuine Issue (R. at 13-5). Local Rule 56 provides, among other things, that movant's statement of material facts which are not specifically controverted by the nonmovant are deemed to be admitted unless otherwise inappropriate. As earlier noted plaintiff has failed to respond in any manner to the defendant's motion for summary judgment. Thus, the uncontroverted evidence clearly shows that the defendant was anything but deliberately indifferent to plaintiff's mental health needs and is therefore entitled to the entry of summary judgment in his favor.

For all of the reasons contained herein it is the **RECOMMENDATION** of the undersigned that the defendant's motion for summary judgment be **GRANTED.** Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED,** this 11th day of December 2007.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE